**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABHINAV BHATNAGAR, | No. 09-15296 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-02669-CRB |
| v. | |
| JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; CITY OF SAN RAMON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| ABHINAV BHATNAGAR, | No. 09-16925 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-02669-CRB |
| v. | |
| JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; CITY OF SAN RAMON, | |
| Defendants - Appellees. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before:     D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY,
            District Judge.[**]

Abhinav Bhatnagar appeals the district court's grant of judgment as a matter

of law in favor of Jason Ingrassia on Bhatnagar's § 1983 claim for unlawful

detention. Bhatnagar also appeals the district court's award of attorney's fees

incurred by Ingrassia, the City of San Ramon, and the County of Contra Costa in

defense of the allegation that Ingrassia made harassing phone calls to Bhatnagar.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We agree with Bhatnagar that the district court should have considered all of

the evidence, not just Bhatnagar's account, in deciding the motion for judgment as

a matter of law. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133,

150-51 (2000). We nonetheless affirm because Bhatnagar waived the argument for

unlawful detention that he now advances by presenting a substantially different

version of the facts in the district court. *See Janes v. Wal-Mart Stores, Inc.*, 279

---

[**]     The Honorable Kevin Thomas Duffy, District Judge for the U.S.
District Court for Southern New York, New York, sitting by designation.

F.3d 883, 887-88 & n.4 (9th Cir. 2002); *cf. Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). We would reach the same conclusion were we to consider the merits. A "reasonable" factfinder could not have interpreted the evidence in the selective manner that Bhatnagar urges by selectively crediting and discrediting his and Ingrassia's testimony to construct the single hybrid narrative that would have permitted Bhatnagar to survive the motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50(a).

We also agree with Bhatnagar that 42 U.S.C. § 1988(b) does not support a fees award for a claim that was submitted to the jury. *See Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 979 (9th Cir. 2011); *Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir. 1991). But § 1988 does not affect a district court's inherent authority to award fees as a sanction against a plaintiff who litigates in bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 & n.9 (1978). Bhatnagar concealed relevant evidence and gave misleading, if not perjured, testimony in order to enhance his litigating position. That suffices for an award of fees. *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see also Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). We may affirm on any ground supported by the record, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th

Cir. 2007), and the record provides an adequate basis for an award of fees to sanction this bad faith litigation conduct.

**AFFIRMED.**